UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CORY GRAY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-579-JD-MGG |
| LARRY CRITTENDON, et al., | |
| Defendants. | |

OPINION AND ORDER

Cory Gray, a prisoner without a lawyer, is proceeding in this case on five claims arising out of an incident that occurred on June 21, 2019. ECF 9. First, Gray is proceeding "against Lieutenant Larry Crittendon in his individual capacity for nominal, compensatory, and punitive damages, for using excessive force against Cory Gray when he deployed OC spray on him while he lay unconscious in his cell, in violation of the Eighth Amendment[.]" *Id.* at 8. Second, Gray is proceeding "against Lieutenant Larry Crittendon in his individual capacity for nominal, compensatory, and punitive damages, for using excessive force against Cory Gray when he threw him to the floor and dragged him down a flight of stairs, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Lieutenant Larry Crittendon, Lieutenant Washington, Officer Ulayi, Officer Thomas, and Sergeant Reed in their individual capacities for nominal, compensatory, and punitive damages, for being deliberately indifferent to his serious need for medical treatment while he was lying unconscious in his cell, in violation of the Eighth Amendment[.]" *Id.* Fourth, he is proceeding "against Nurse [Monnier] in her individual capacity for nominal,

compensatory, and punitive damages, for being deliberately indifferent to his serious need for medical treatment after he felt like his body was burning from OC spray, in violation of the Eighth Amendment[.]" *Id.* at 8-9. Fifth, he is proceeding "against Lieutenant Larry Crittendon, Officer Ross, Officer Walters, Sergeant Guitierez, and Lieutenant Palmroy in their individual capacities for nominal, compensatory, and punitive damages, for failing to provide him with adequate clothing, bedding, and hygiene materials, in violation of the Eighth Amendment[.]" *Id.* at 9.

The defendants filed a joint motion for summary judgment, arguing Gray failed to exhaust his administrative remedies before filing this lawsuit. ECF 76. Gray filed a response. ECF 91. Nurse Monnier is the only defendant to file a reply. ECF 96. The remaining defendants have not filed a reply, and the time for doing so has expired. The summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she

contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy

3

becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The defendants argue Gray did not exhaust his administrative remedies prior to filing this lawsuit because his grievance records indicate he did not file any formal grievances within ten days of the alleged conduct on June 21, 2019. ECF 78 at 5. In his response, Gray concedes he did not complete the grievance process prior to filing this lawsuit. ECF 91-1. Instead, Gray argues the grievance process was unavailable to him. *Id*. at 3.

Gray attests to the following facts: After the incident on June 21, 2019, Gray was put on strip cell and was not allowed any property or writing supplies. ECF 91-2 at 4. Gray requested but did not receive a grievance form from staff. *Id*. On June 23, 2019, Gray was able to obtain a grievance form from another inmate. *Id.* Gray filled out and submitted the grievance form to Case Manager Crystal Cleary on June 24, 2019. *Id.* Upon filing the grievance, Gray requested a copy be made for his records, but his request was refused. ECF 91-1 at 10. After twenty days passed without receiving any response to his grievance, Gray drafted an affidavit to document his administrative remedies were unavailable. ECF 91-2 at 4. On July 23, 2019, Gray was transferred to a new facility. *Id.* at 5. Gray submitted a number of "Request for Interview" forms at his new facility to find out the status of his grievance at Westville, but was told there was "nothing showing." *Id.* at 5, 8-9.

Because none of the defendants dispute Gray's attestation he submitted a grievance form to Crystal Clearly on June 24, 2019, and never received any response to that grievance, the court accepts that as undisputed. Gray has thus provided undisputed evidence the grievance office made the grievance process unavailable to him by failing to respond to a properly filed grievance. *See Dole*, 438 F.3d at 809. Defendants Lt. Crittendon, Lt. Washington, Officer Ulayi, Officer Thomas, Sgt. Reed, Officer Ross, Officer Walters, Sgt. Guitierez, and Lt. Palmroy have not replied to Gray's response and, thus, have not met their burden to show failure to exhaust. Alternatively, defendant Nurse Monnier has filed a reply to Gray's response. ECF 96. In her reply, Nurse Monnier does not dispute Gray's assertion he received no response to a properly filed grievance. *Id.* Instead, Nurse Monnier argues Gray's response does not specifically address Nurse Monnier or her alleged conduct of refusing to provide Gray medical treatment after he was sprayed with OC spray on June 21, 2019. *Id.* at 4-7. While it is true Gray's response does not specifically reference Nurse Monnier, Gray attests his June 24 grievance complained of the June 21 incident, which included Nurse Monnier's alleged conduct of denying him medical treatment after he was sprayed with OC spray. Because Nurse Monnier provides no evidence to the contrary, it can be reasonably inferred the June 24 grievance gave the prison notice of Nurse Monnier's alleged unconstitutional conduct. *See Heft*, 351 F.3d at 282; *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it).

For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 76).

SO ORDERED on March 1, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT