UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORY GRAY,

                    Plaintiff,

                    v.                              CAUSE NO. 3:19-CV-579-JD

LARRY CRITTENDON, et al.,

                    Defendants.

OPINION AND ORDER

Cory Gray, a prisoner without a lawyer, moves the court for reconsideration from the court's order granting summary judgment in favor of the defendants. ECF 183. After extending Gray's deadline to respond to the defendants' summary judgment motion several times, the court moved forward without a response from Gray and granted summary judgment in favor of the defendants. ECF 178. Specifically, the court concluded the undisputed facts showed (1) Lt. Crittendon did not use excessive force against Gray, (2) no defendant was deliberately indifferent to Gray's serious medical need, and (3) the defendants did not deny Gray the minimal civilized measure of life's necessities. *Id.* at 3-10.

In his motion for reconsideration, Gray argues he submitted a response to the defendants' summary judgment motion which was not received by the court due to a mistake by the prison law library. ECF 183. He provides a copy of his response, which he claims he submitted to the law library in May 2023, and asks the court to reopen this case and consider his response. *Id.*; ECF 183-1. The defendants respond by moving to

sanction Gray for attempting to defraud the court, arguing his response is merely a doctored version of the court's summary judgment order. ECF 186; ECF 187 at 1. Specifically, the defendants provide evidence Gray's response contains numerous identical provisions to the court's summary judgment order, indicating Gray doctored and backdated the court's summary judgment order to pass it off as his response. ECF 187 at 4-8. They argue Gray lied to the court by claiming he submitted this response before the court entered judgment, and request the court impose sanctions including dismissing this case. *Id.* at 13.

Here, the defendants provide compelling evidence that Gray's purported response to the summary judgment motion is merely a doctored version of the court's summary judgment order. Regardless, even accepting as true Gray's assertion he submitted this response before the court entered judgment, his response does not present any basis for reconsideration of the court's order granting summary judgment. Specifically, while Gray's response includes legal arguments opposing summary judgment, it does not provide any evidence disputing the material facts the court accepted as undisputed. For example, regarding Gray's claim Lt. Crittendon used excessive force against him, the court accepted as undisputed Lt. Crittendon applied OC spray for only 2-3 seconds after Gray refused orders to submit to restraints, which showed "Lt. Crittendon reasonably applied a small amount of OC spray to overcome Gray's resistance without having to resort to a cell extraction[.]" ECF 178 at 4-5. In his response, Gray does not dispute any material facts related to Lt. Crittendon's application of OC spray, but rather argues those facts show the application of OC spray

2

was malicious and sadistic. ECF 183-1 at 13-14. Gray's disagreement with the court's legal conclusion is not a valid basis for reconsideration. Similarly, regarding Gray's claims the defendants denied him adequate medical care, Gray's response merely restates the facts the court accepted as undisputed and concludes that, based on those facts, a reasonable jury could conclude the defendants were deliberately indifferent to his serious medical need. ECF 183-1 at 16-19. Because Gray's response makes only legal arguments and does not provide any evidence disputing the material facts the court accepted as undisputed, his response provides no basis for the court to reconsider its order granting summary judgment.

Accordingly, because Gray's response would not have changed the outcome of the summary judgment proceedings even if it had been received by the court, it provides no basis for reconsideration from the court's order granting summary judgment in favor of the defendants. Gray's motion for reconsideration is denied on the merits, and the court need not reach the defendants' request for sanctions.

For these reasons, the court:

(1) DENIES Gray's motion to alter and amend judgment (ECF 183);

(2) DENIES AS MOOT the defendants' motion for sanctions (ECF 186);

(3) DENIES AS MOOT Gray's motion to continue summary judgment and sanctions proceedings (ECF 198); and

(4) DIRECTS the clerk to keep this case closed.

SO ORDERED on February 26, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT